[No. B187104. Second Dist., Div. Four. Feb. 20, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
CLIFTON HUTCHINS, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts II, III, IV, V, VI, and VII of the Discussion.

## COUNSEL

Marcia C. Levine, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Mary Jo Graves, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Michael C. Keller and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**EPSTEIN, P. J.**—Appellant Clifton Hutchins argues the trial court applied an incorrect legal standard to determine whether a peremptory challenge was based on purposeful race discrimination, resulting in violations of *People v. Wheeler* (1978) 22 Cal.3d 258 [148 Cal.Rptr. 890, 583 P.2d 748] (*Wheeler*)

and *Batson v. Kentucky* (1986) 476 U.S. 79 [90 L.Ed.2d 69, 106 S.Ct. 1712] (*Batson*). In the published part of this opinion, we conclude that the trial court applied the wrong standard in making its ruling, requiring conditional reversal.[1] In the unpublished portion of this opinion, we consider appellant's other contentions that: (1) the admission of the contents of a laboratory report violated his Sixth Amendment rights to confrontation and cross-examination; (2) the court abused its discretion in denying his motion for mistrial; (3) the court erred in concluding that two counts of rape occurred on separate occasions, within the meaning of Penal Code section 667.61, former subdivision (g) (as amended by Stats. 1998, ch. 936, § 9);[2] (4) a $27,546.72 restitution order is unauthorized; and (5) the abstract of judgment must be corrected to reflect the correct number of presentence credits. Appellant also requests that we review the in camera *Pitchess*[3] proceedings for abuse of discretion. We have done so. We agree that the third and fifth arguments have merit, and find no error with respect to the other three or the *Pitchess* proceedings. We conditionally reverse the judgment, and remand with directions.

## FACTUAL AND PROCEDURAL SUMMARY

The People's third amended information charged appellant with seven counts of rape, pursuant to section 261, subdivision (a)(2) (counts 1, 5, 7, 9, 13, 14 & 16); two counts of forcible oral copulation, pursuant to section 288a, subdivision (c)(2) (counts 15 & 17); three counts of first degree burglary, pursuant to section 459 (counts 2, 8 & 10); peeking, pursuant to section 647, subdivision (i) (count 3); and possession of cocaine for sale, pursuant to Health and Safety Code section 11351 (count 4). It was alleged that sexual offense counts 1, 7, 9 and 13 through 17 were committed during the commission of a burglary, within the meaning of subdivisions (d)(4) and (e)(2) of section 667.61, the "One Strike" law. It was also alleged that sexual offense counts 1, 5, 7, 9, and 13 through 17 were committed against more than one victim, within the meaning of subdivision (e)(5) of the One Strike law. Finally, it was alleged that counts 2, 8 and 10 also violated section 462, subdivision (a) and constituted a violent felony, within the meaning of section 667.5, subdivision (c). A jury found appellant guilty as charged, and found all the allegations true. Appellant filed a timely notice of appeal.

---

[1] Certified for publication are the initial paragraph, the Factual and Procedural Summary, part I of the Discussion, and the Disposition.

[2] All statutory references are to the Penal Code unless otherwise indicated.

[3] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305].

## DISCUSSION

### I

In September 2005, the trial court held voir dire proceedings. When the People exercised a peremptory challenge to excuse a Black juror, appellant objected based on *Wheeler*. Finding that appellant had made a prima facie showing of purposeful race discrimination, the court asked the prosecutor her reasons for excluding the potential juror. The prosecutor explained that the potential juror was excused because she had been on a hung jury, and stated, "I don't keep jurors who are on hung jur[ies]." To support her position, the prosecutor pointed out that she also had excused another potential juror who had been on a hung jury. After a lengthy dialogue with counsel, the court stated, "I'm really troubled by the fact that the People would exercise a peremptory challenge on the one Black female that's on a [panel], and the only reason being, that juror has been on a deadlocked [jury] before. You can provide me with some authority that is a permissible, nondiscriminative basis upon which to exclude a witness. I will read that authority. Otherwise, I'm inclined to grant the motion and to disallow the peremptory challenge on the basis that I believe it was motivated for racial purposes."

The next day, the People filed a written opposition to the *Wheeler* motion and appellant filed a written motion to quash the jury panel and support his *Wheeler* arguments. The court heard further arguments on the matter and concluded that because the prosecutor also had excused another potential juror who had been on a hung jury, "I cannot say there has been proof of racial discrimination in the People's utilization of the peremptory challenges by clear and convincing evidence. That is the standard that was set forth by the Supreme Court in [*Miller-El v. Dretke* (2005) 545 U.S. 231 [162 L.Ed.2d 196, 125 S.Ct. 2317]]."

■ "A prosecutor's use of peremptory challenges to strike prospective jurors on the basis of group bias—that is, bias against 'members of an identifiable group distinguished on racial, religious, ethnic, or similar grounds'—violates the right of a criminal defendant to trial by a jury drawn from a representative cross-section of the community under article I, section 16 of the California Constitution. [Citations.] Such a practice also violates the defendant's right to equal protection under the Fourteenth Amendment to the United States Constitution. [Citations.]" (*People v. Avila* (2006) 38 Cal.4th 491, 541 [43 Cal.Rptr.3d 1, 133 P.3d 1076].) When a defendant believes his or her constitutional rights are being violated by the exercise of a peremptory

challenge, *Batson* requires that the defendant "[f]irst . . . make out a prima facie case 'by showing that the totality of the relevant facts gives rise to an inference of discriminatory purpose.' [Citation.] Second, once the defendant has made out a prima facie case, the 'burden shifts to the State to explain adequately the racial exclusion' by offering permissible race-neutral justifications for the strikes. [Citations.] Third, '[i]f a race-neutral explanation is tendered, the trial court must then decide . . . whether the opponent of the strike has proved purposeful racial discrimination.' [Citation.]" (*Johnson v. California* (2005) 545 U.S. 162, 168 [162 L.Ed.2d 129, 125 S.Ct. 2410], fn. omitted.) "It is not until the *third* step that the persuasiveness of the justification becomes relevant—the step in which the trial court determines whether the opponent of the strike has carried his burden of proving purposeful discrimination." (*Purkett v. Elem* (1995) 514 U.S. 765, 768 [131 L.Ed.2d 834, 115 S.Ct. 1769] (*per curiam*).) The trial court is required to make a " ' "sincere and reasoned" ' " evaluation based on the circumstances before it. (*People v. Reynoso* (2003) 31 Cal.4th 903, 919 [3 Cal.Rptr.3d 769, 74 P.3d 852].)

█ Appellant argues that because the court used the incorrect "clear and convincing evidence" standard in deciding the *Wheeler* motion, his conviction must be reversed based on *Wheeler* and *Batson* error. We agree that the opponent of a peremptory challenge generally does not have the burden of proving purposeful race discrimination by clear and convincing evidence. Although the trial court cited *Miller-El v. Dretke, supra*, 545 U.S. 231, its reliance on that case was misplaced. That case involved "review of a denial of habeas relief sought under 28 U.S.C. § 2254, following the Texas trial court's prior determination of fact that the State's race-neutral explanations were true . . . . " (*Id.* at p. 240.) The United States Supreme Court stated that "[u]*nder the Antiterrorism and Effective Death Penalty Act of 1996*, Miller-El may obtain relief only by showing the Texas conclusion to be 'an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' 28 U.S.C. § 2254(d)(2). Thus we presume the Texas court's factual findings to be sound unless Miller-El rebuts the 'presumption of correctness by clear and convincing evidence.' § 2254(e)(1)." (*Ibid.*, italics added.) The standard set out in *Miller-El v. Dretke* does not apply here because this case does not fall under the AEDPA (Antiterrorism and Effective Death Penalty Act of 1996).

█ We have found no California case law explicitly holding that the burden of the party opposing a peremptory challenge is preponderance of evidence. But preponderance of evidence is the general standard of proof in this state. Section 115 of the Evidence Code states: "Except as otherwise

provided by law, the burden of proof requires proof by a preponderance of the evidence." Other state and federal courts have held that the opponent of the peremptory challenge must prove purposeful race discrimination by a preponderance of evidence. (See, e.g., decisions from Colorado [*Valdez v. People* (Colo. 1998) 966 P.2d 587, 590], Connecticut [*State v. Peeler* (2004) 267 Conn. 611 [841 A.2d 181, 192]], Illinois [*People v. Lovelady* (1991) 221 Ill.App.3d 829 [164 Ill.Dec. 273, 582 N.E.2d 1217, 1226]], New Jersey [*State v. Gilmore* (1986) 103 N.J. 508 [511 A.2d. 1150, 1166]], and Texas [*Guzman v. State* (Tex.Crim.App. 2002) 85 S.W.3d 242, 255, fn. 48]; and federal cases from the Second Circuit [*Harris v. Kuhlmann* (2d Cir. 2003) 346 F.3d 330, 343 [N.Y.]], and the Sixth Circuit [*Roberts ex rel. Johnson v. Galen of Virginia, Inc.* (6th Cir. 2003) 325 F.3d 776, 780 [Ky.], *U.S. v. Gibbs* (6th Cir. 1999) 182 F.3d 408, 439 [Ohio], *U.S. v. Tucker* (6th Cir. 1996) 90 F.3d 1135, 1142 [Mich.]], and federal district courts in New York [*Youngblood v. Brown* (S.D.N.Y. Dec. 1, 2006) 465 F.Supp.2d 270, *Covington v. Lord* (E.D.N.Y. 2003) 275 F.Supp.2d 352, 357, *Brown v. New York State* (W.D.N.Y. 2005) 374 F.Supp.2d 314, 324] and Illinois [*U.S. v. Stephens* (N.D.Ill. June 9, 2006) 2006 WL 1663447, *2.) We conclude that preponderance of evidence, the general standard in California jurisprudence, applies to the final step of a *Wheeler/Batson* challenge: whether the neutral reasons offered to justify a peremptory challenge are genuine or pretextual.

The People argue that even if the court applied the wrong standard, the record supports a finding that the prosecutor's exercise of a peremptory challenge was race-neutral. They also argue that because the court made a "sincere and reasoned" evaluation, the court's ruling should not be disturbed. The record, however, does not indicate whether the trial court would have granted appellant's *Wheeler* motion if it believed the burden of proving purposeful race discrimination was a preponderance of evidence, rather than clear and convincing evidence.

■ On remand from the United States Supreme Court, the California Supreme Court, in *People v. Johnson* (2006) 38 Cal.4th 1096, 1103–1104 [45 Cal.Rptr.3d 1, 136 P.3d 804], held that where the trial court had erred in its decision regarding the first *Batson* step, and for that reason had not reached the other two, it was proper to remand the case to the trial court for further proceedings. "Ordinarily, factors to be considered in determining whether remand is appropriate are the length of time since voir dire, the likelihood that the court and counsel will recall the circumstances of the case, the likelihood that the prosecution will remember the reasons for the peremptory

challenges, as well as the ability of the trial judge to recall and assess the manner in which the prosecutor examined the venire and exercised other peremptory challenges." (*People v. Williams* (2000) 78 Cal.App.4th 1118, 1125 [93 Cal.Rptr.2d 356].)

Here, voir dire occurred a little over a year ago, there are detailed trial transcripts, both sides filed a written motion on the issue, and the prosecutor took notes during voir dire. (See *People v. Rodriguez* (1996) 50 Cal.App.4th 1013, 1024–1025 [58 Cal.Rptr.2d 108].) Based on the circumstances presented, we believe that a limited remand is appropriate so that the trial court may reconsider the third *Batson* step under the proper legal standard. (See *People v. Tapia* (1994) 25 Cal.App.4th 984, 1014, 1031–1032 [30 Cal.Rptr.2d 851] [remanding to the trial court after it applied the wrong standard of whether peremptory challenges were supported by "good cause"].)

On remand, we direct the trial court to consider whether appellant met his burden of proof under a preponderance of evidence standard. "If the [trial] court finds that, due to the passage of time or any other reason, it cannot adequately address the issues at this stage or make a reliable determination, or if it determines that the prosecutor exercised [her] peremptory challenges improperly, it should set the case for a new trial." (*People v. Johnson, supra,* 38 Cal.4th at p. 1104.) If it finds that appellant has not carried his burden of proving, by a preponderance of evidence, that the prosecutor's peremptory challenge was based on purposeful race discrimination, it should reinstate the judgment. (See *ibid.*)

## II–VII[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is reversed and the cause is remanded to the trial court for reconsideration of its ruling on the *Wheeler/Batson* challenge under a preponderance of evidence standard. If the trial court finds that it cannot adequately address the challenge or make a reliable determination, or if it determines that the prosecutor exercised her peremptory challenge improperly, the reversal is to stand and the trial court is ordered to set the case for a new trial.

---

[*]See footnote, *ante*, page 992.

If the trial court determines that appellant has not met his burden of proving purposeful race discrimination, the judgment shall be reinstated, modified as follows: The indeterminate life sentence on count 13 is reversed and the trial court is ordered to resentence appellant on that count; the trial court is also directed to amend the abstract of judgment to reflect appellant's new sentence on count 13 and the correct number of presentence credits; and the superior court clerk is directed to forward the amended abstract of judgment to the Department of Corrections and Rehabilitation.

Willhite, J., and Manella, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 9, 2007, S151359.